**Ermel I. COON, individually and on behalf of all persons similarly situated, Plaintiff-Appellant,**

v.

**GEORGIA PACIFIC CORPORATION, Defendant, Cross-Claim Defendant-Appellee,**

and

**United Paperworkers International Union, Defendant, Cross-Claim Plaintiff-Appellee.**

No. 85–3383.

United States Court of Appeals, Eleventh Circuit.

Oct. 21, 1987.

---

Harry L. Witte, Jerry G. Traynham, Kent Spriggs, Tallahassee, Fla., for plaintiff-appellant.

Stuart Rothman, Perry M. Rosen, Washington, D.C., for Ga. Pacific.

Benjamin Wyle, New York City, for United Paperworkers.

Before RONEY, Chief Judge,
CLARK, Circuit Judge, and
FAIRCHILD *, Senior Circuit Judge.

FAIRCHILD, Senior Circuit Judge.

Plaintiff Ermel Imogene Coon appeals from a judgment in favor of the defendants Georgia Pacific Corporation ("Georgia Pacific" or the "Company") and the United Paperworkers International Union and Local 598 (the "Union") in this action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* For the reasons set forth below, we AFFIRM.

## I. FACTS[1] AND PROCEDURAL HISTORY

Plaintiff has been employed by defendant Georgia Pacific since February, 1965. The employees are represented by the defendant Union. On October 26, 1979, plaintiff sued on behalf of all past, present, and potential women employees and applicants for salaried and hourly employment at Georgia Pacific's plant at Palatka, Florida.

She averred generally that Georgia Pacific discriminated against women by its failure to hire women for certain positions, in making initial job assignments, promotions and transfers, in assigning work, in setting terms of employment, in layoffs and recalls, and in creating discharge standards. Plaintiff averred that the Union acquiesced in such discrimination and has failed to protect her.

The complaint, on its face, described no specific instance of claimed discrimination against plaintiff or anyone else. In stating jurisdiction, however, plaintiff averred that she had filed EEOC charges which were attached to the complaint. In the charge against Georgia Pacific, she stated that on January 7, 1979 she was denied a promotion and that this denial was discrimination based on her sex.

On October 9, 1984, the district court refused to order that the action be maintained as a class action. Plaintiff challenges this refusal.

A few months later, in proceeding toward trial, the parties prepared a pretrial "stipulation," listing the issues each proposed to try. Plaintiff evidently intended to prove a number of instances of alleged discrimination against her. At a pretrial conference on February 27, 1985, the court ruled that the only issue for trial was the denial of promotion on January 7, 1979. Plaintiff indicated her feeling that it would not be worthwhile to litigate that one instance, and that she desired to appeal from the ruling that she could not litigate others. Apparently following that thought, she waived her claim of the January 7, 1979 denial of promotion, defendant moved for dismissal, and plaintiff opposed the motion. The district court granted the motion and entered judgment April 10, 1985.

Plaintiff appealed, her second challenge being to the ruling that her claims other than that of January 7, 1979 were not before the court.

## II. CLASS CERTIFICATION

In denying plaintiff's motion to certify the class, the district court found that her highly individual charge could not sustain her "across-the-board" complaint, and that she had failed to meet the requirements of Federal Rule of Civil Procedure 23. Moreover, the motion was untimely because she failed to comply with Rule 4.04(b) of the Local Rules of the Middle District of Florida, which requires that class certification motions be filed within 90 days of the filing of the complaint; compliance was not excused based on her (then) *pro se* status, because she admitted that she had been advised and assisted by counsel in the preparation of the complaint.

---

* Honorable Thomas E. Fairchild, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

1. For a discussion of the organization and labor history of the Company's Palatka, Florida facility, *see Taylor v. Hudson Pulp and Paper Corp.,* 788 F.2d 1455 (11th Cir.1986).

It is well established that the trial court has broad discretion in determining whether to certify a class. *Lewis v. Heckler,* 752 F.2d 555, 557 (11th Cir.1985). Upon review of the record and in light of Supreme Court and Circuit precedent, we think that the district court did not abuse that discretion in refusing to permit this suit to be maintained as a class action.

■ *General Telephone Co. v. Falcon,* 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982), discusses the proper relationship between a plaintiff's individual claim of discrimination and the claims of the class sought to be represented. The Court rejected the "across-the-board" theory [2] that all suits alleging discrimination on the basis of membership in a protected class are by definition class actions. While acknowledging that "racial discrimination is by definition class discrimination," it explained that

> the allegation that such discrimination has occurred neither determines whether a class action may be maintained in accordance with Rule 23 nor defines the class that may be certified. Conceptually, there is a wide gap between (a) an individual's claim that he has been denied a promotion on discriminatory grounds, and his otherwise unsupported allegation that the company has a policy of discrimination, and (b) the existence of a class of persons who have suffered the same injury as that individual, such that the individual's claim and the class claims share common questions of law or fact and that the individual's claim will be typical of the class claims.

*Id.* at 157, 102 S.Ct. at 2370. Thus, merely reciting the language of Rule 23(a) is not enough: a potential class representative must specifically identify the questions of law or fact that are common to his claims and to those of the members of the class. "The mere fact that an aggrieved private plaintiff is a member of an identifiable class of persons of the same race or national origin is insufficient to establish his standing to litigate on their behalf all possible claims of discrimination against a common employer." *Id.* at 159 n. 15, 102 S.Ct. at 2371 n. 15. A Title VII plaintiff will be held to the prerequisites of numerosity, commonality, typicality and adequacy of representation specified in Rule 23(a). *Id.* at 156, 102 S.Ct. at 2369.

The proposed class is presumably numerous, but in all other respects the complaint fails to meet these criteria. Plaintiff's individual claim is for discriminatory denial of promotion, while the proposed class includes all women employees and applicants. The claim asserted on behalf of the class is that the Company engages in a general pattern and practice of discrimination against all women employees and applicants in all aspects of employment. It has not been made clear that there are common questions of law or fact; that plaintiff's claim is typical of the claims of the class; or that plaintiff will fairly and adequately protect the interests of the class.

Other than the fact that all are women, plaintiff has not identified the required nexus between herself and the class. *See Morrison v. Booth,* 763 F.2d 1366, 1371 (11th Cir.1985) (bare allegations that plaintiffs satisfied Rule 23 insufficient; plaintiffs cannot "leap from the premise that they were the victims of discrmination to the position that others must also have been"). She has not demonstrated that maintenance of a class action is economical and that her individual EEOC charge is so intertwined with the claims of class members that their interests may be adequately protected and fairly determined in their absence. *Falcon,* 457 U.S. at 157 n. 13, 102 S.Ct. at 2370 n. 13 (the requirements of commonality, typicality and adequacy of representation tend to merge); *Nelson v. United States Steel Corp.,* 709 F.2d 675, 679 (11th Cir.1983).

Plaintiff's deposition testimony and affidavits mostly concern the operation of the designate system,[3] and do not establish is-

---

**2.** *See, e.g., Falcon v. General Telephone Co. of Southwest,* 626 F.2d 369 (5th Cir.1980).

**3.** In 1976, the Company and the Union entered into an agreement known as "Special Seniority

sues of law or fact in common with non-designate women employees or that she would be an adequate representative for all class members. *Cf. Freeman v. Motor Convoy, Inc.,* 700 F.2d 1339 (no error in refusal to include applicants for employment within class where discrimination in assignments, transfers, promotions, overtime work and training alleged). The testimony of Melba Taylor, a plaintiff in another action against the Company, *see Taylor v. Hudson Pulp and Paper Corp.,* 788 F.2d 1455 (11th Cir.1986), also primarily concerned the designate system. *Cf. Ezell v. Mobile Housing Board,* 709 F.2d 1376, 1380 (11th Cir.1983) ("Instead of introducing evidence of class-wide discrimination, appellants introduced only evidence of the [defendant's] treatment of them individually."). Even if plaintiff's proof might have satisfied Rule 23's requirements so as to certify a class composed of women designates, *cf. Evans v. U.S. Pipe & Foundry Co.,* 696 F.2d 925, 929–31 (11th Cir.1983) (while evidence did not support class composed of all black employees, it was sufficient to conditionally certify classes of black employees discriminated against in promotions), she never proposed such a class, and the district court did not abuse its discretion in refusing to certify the class as presented.

In short, plaintiff "essentially relied upon the now defunct 'across-the-board' rule and failed to make a sufficient factual showing to satisfy the requirements of Rule 23(a)."[4]

*Freeman,* 700 F.2d at 1347. Coon's class allegations and the description of the scope of the class are almost identical to those in *Falcon,*[5] and she too has failed to establish that her individual claim satisfies Rule 23(a) so as to justify an across-the-board attack. *Cf. Walker v. Jim Dandy Co.,* 747 F.2d 1360, 1364–65 (11th Cir.1984) (plaintiff's claim of discrimination in hiring lacked sufficient nexus with discriminatory practices in recruitment, assignment, transfer and promotion so as to certify class).

While Coon argues that the three hour hearing afforded by the court was not "meaningful" because she was not permitted the three days she believed necessary best to present the motion, she has not demonstrated that additional helpful matters of substance would have been shown with more time.

### III.  PLAINTIFF'S INDIVIDUAL CLAIMS

As the time for trial approached, the complaint remained in its original form. When the attached EEOC charge is read as part of the complaint, only one instance of discrimination against plaintiff—the denial of promotion in January 1979—is claimed.

In the pretrial stipulation plaintiff listed as issues for trial additional claims of discrimination against her as follows: (1) she was denied salaried and hourly positions in the Pulp Mill Department, both before and after 1976; (2) she was deterred from seek-

---

Procedures" or the "Designate System," which afforded significant preferential rights to black and female employees, labeled "designates," hired prior to the effective date of Title VII. Designates could (1) pre-bid for entry level jobs before non-designates; (2) transfer their mill seniority (the length of employment at the facility) to new positions in other departments, so that other employees within the department could not invoke their greater job seniority against designates with respect to promotions, transfers, layoffs, etc.; (3) retain their same wages if they transferred to lower paying jobs until promoted within their new departments or lines of job progression to higher paying jobs.

**4.** At the time the complaint was filed the "across-the-board" approach had been accepted

by some courts. *See, e.g., Johnson v. Georgia Highway Express, Inc.,* 417 F.2d 1122 (5th Cir. 1969). However, plaintiff never moved to amend the complaint or the motion for class certification in light of the holding in *Falcon* and subsequent cases but elected to proceed upon the discredited theory.

**5.** *See* 457 U.S. at 150–51, 102 S.Ct. at 2366–67. The class sought to be represented in the present case is actually somewhat broader than that in *Falcon,* as Coon seeks to represent all past, present and potential women employees in all facets of employment as well as women applicants, while the plaintiff in *Falcon* sought to represent only present employees who were denied promotions and applicants who were denied employment.

ing other positions (time unspecified); (3) she was denied training for and employment in the Recovery Department in 1975–1977; (4) she was denied "temporary set-ups" in Recovery in 1977; (5) she suffered verbal, physical and sexual harrassment (time unspecified); (6) she suffered discrimination in job and shift assignments, rest room facilities, and training and promotions upon entering the job progression line of the Recovery Department; (7) on September 12, 1979, she was denied a promotion granted to men with no greater qualifications; (8) the Union failed to fairly represent her (time unspecified).

As previously recounted, the court ruled at the pretrial conference that the only issue for trial was the 1979 denial of promotion alleged in the charge. Plaintiff still made no motion to amend her complaint. Plaintiff subsequently waived this claim, and the defendants moved to dismiss.

Plaintiff filed a memorandum in opposition to the motion to dismiss, and attached as exhibits other documents describing claims of discrimination against her at other times. These included:

(1) A 1977 letter from plaintiff's attorney to defendants concerning the staffing of the new Recovery Department; while it states that the EEOC would be advised by copy of the continuing discrimination against women, there is no evidence of any agency action.

(2) A charge of gender discrimination against the defendants filed (apparently in 1978) with the Florida Commission on Human Relations (FCHR), concerning the operation of the designate program from October 1976 to February 1978, including the denial of her initial bid for an Operator No. 4 position in Recovery. There is no evidence of any EEOC action or further action by plaintiff regarding this charge.

(3) The February 1979 charges filed with FCHR against the defendants, which formed the bases for the amended charges which were attached to the complaint.

(4) An April 25, 1982 amended charge against Georgia-Pacific, claiming that plaintiff was disqualified for a promotion to Control Room Operator in the Recovery Department because of her sex. A right-to-sue notice was issued June 8, 1983. While a copy of the notice without the charge was filed with the court on June 24, 1983, plaintiff never moved to amend her complaint to add this claim.

(5) A July 9, 1982 charge against the Company claiming retaliation on January 11, 1982 for the filing of her other charges and this suit. There is no record of any resulting agency action.

█ In granting the motion to dismiss, the district court held that plaintiff's action was limited to her January 7, 1979 claim of denial of promotion. The sentence in that charge generally alleging discrimination did not expand the scope of the complaint to include her additional claims. She never moved to amend her complaint, and the inclusion of claims in the pretrial stipulation, the mention of them in discovery and the filing of motions concerning those claims were not a substitute for the factual allegations of a complaint under Federal Rule of Civil Procedure 8(a). As plaintiff's complaint was limited to her single individual claim, which she waived, her action was dismissed.

Plaintiff argues that she should be permitted to litigate all claims described in the pretrial stipulation and the memorandum in opposition to the motion to dismiss. She contends that the statement at the end of the 1979 charge attached to the complaint that "[w]omen in general are held back from advancement in the mill production line" encompasses all additional claims, because they are "like or related" to the 1979 charge. According to plaintiff, this statement, in conjunction with the across-the-board class allegations, provided all the notice to the defendants required by Rule 8(a)(2); the additional claims need not have been particularized until the filing of the pretrial stipulation. Plaintiff then relies upon various equitable doctrines for the position that the additional claims are not subject to Title VII's limitations provision, and thus the district court erred in refusing

to allow her to proceed to trial on all her claims.

We disagree. First, plaintiff's additional claims were not pleaded in her complaint. The sentence in her charge is no more than a general claim on behalf of all women employees. It did not provide notice to the defendants that plaintiff sought recovery based on acts as described in the pretrial stipulation, the 1977 letter, and 1978 charge. Thus, as to her additional claims, the complaint failed to set forth a "short and plain statement ... showing that the pleader is entitled to relief." Rule 8(a)(2). *See Uptown People's Community Health Services v. Board of Commissioners of Cook County,* 647 F.2d 727, 739 (7th Cir. 1981) (count in complaint too indefinite; "[w]hile its is true that 'notice pleading' is an integral part of the federal rules governing pleading, it still is necessary that *something* be stated that apprises a defendant of the substance of the allegation") (emphasis in the original); *Ogletree v. McNamara,* 449 F.2d 93, 98–99 (6th Cir. 1971) ("[s]omething more than [a] conclusory allegation of systematic racial discrimination is required. Some facts as to when, how, to whom, and with what results such discrimination has been applied" are minimum requirements of Rule 8(a)).

Although plaintiff states (without citation) that the "role of other charges is different" in a Title VII action, the Supreme Court has rejected the argument that the legislation's remedial purpose excuses compliance with Rule 8(a)(2). In *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984), the Court held that the *pro se* filing of the right-to-sue letter and a request for appointment of counsel did not constitute a complaint commencing an action within the meaning of Rule 8(a)(2). Although the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description

of the asserted basis for relief, they do require that the pleadings "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, [78 S.Ct. 99, 103, 2 L.Ed.2d 80] (1957). . . . Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of vague sympathy for particular litigants.

*Id.* 466 U.S. at 150 n. 3 and 152, 104 S.Ct. at 1725 n. 3 and 1726. Thus, plaintiff's complaint included only her claim of discriminatory denial of promotion in 1979, as she never sought to amend it under Federal Rule of Civil Procedure 15(a).[6]

Plaintiff relies on several equitable doctrines concerning Title VII claims not expressly included in an EEOC charge to expand the scope of this suit. While these doctrines might have permitted her to plead the additional claims originally or by appropriate amendment, none of the cases relied on by plaintiff suggests that she can prove these claims at trial without having pleaded them in her complaint.

■ Plaintiff argues that because her additional claims are "like or related" to those in her 1979 charge, they are somehow within the scope of her complaint. This misapprehends the function of the "like or related" rule, first articulated in *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 466 (5th Cir.1970). In addressing the degree to which the discrimination alleged in a Title VII complaint may vary from that described in the EEOC charge, the court held that "the allegations in a judicial *complaint* ... 'may encompass any kind of discrimination like or related to the allegations contained in the charge and growing out of such allegation during the pendency of the case before the Commission.'" *Id., quoting King v. Georgia Power Co.,* 295 F.Supp. 943, 947 (W.D.Ga.1968) (emphasis added); *see also Evans v. U.S.*

---

6. Although plaintiff's complaint was filed *pro se,* it was professional in form, she admitted that counsel had helped to draft it, and the same counsel has represented her for several years. We therefore have not examined the complaint as if it were a *pro se* filing.

*Pipe & Foundry Co.*, 696 F.2d 925, 928–29 (11th Cir.1983).

That plaintiff could have pleaded her pre–1979 claims because of their relationship to the 1979 charge does not mean that she did so. These claims were not somehow "present" within her complaint, despite her failure to allege them. The concern that it would be unfair to hold a charging party to rigid, pleading-type requirements in the EEOC charge, *Sanchez*, 431 F.2d at 462–63, does not permit a plaintiff to forego appropriate pleading when commencing a court action.

■ The same holds true for plaintiff's apparent contention that her 1979 charge stated a continuing violation of the rights of women employees generally. Although "the precise contours and theoretical bases of [the theory of 'continuing violation'] are at best unclear," *Berry v. Bd. of Supervisors of L.S.U.*, 715 F.2d 971, 979 (5th Cir. 1983), there is general agreement that it relieves a plaintiff of the burden that all actionable conduct must have occurred within 180 days prior to the charge, so long as the complaint is timely as to the last occurrence. *Id.; see Glass v. Petro-Tex Chemical Corp.*, 757 F.2d 1554, 1560–61 (5th Cir.1985) (core idea is that equity may require that filing periods not begin to run until the occurrence of facts that should alert average lay person to take action); *Scott v. St. Paul Postal Service*, 720 F.2d 524, 525 (8th Cir.1983) (theory permits employee to include in initial administrative complaint acts before the limitations period, if at least one act falls within it); *cf. Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380–81, 102 S.Ct. 1114, 1125, 71 L.Ed.2d 214 (1982) (complaint alleging unlawful practices under Fair Housing Act timely if filed within 180 days of last occurrence of practice). Moreover, prohibited discrimination in promotions and transfers may often be a continuing violation. *Glass*, 757 F.2d at 1561; *Trevino v. Celanese Corp.*, 701 F.2d 397, 402–03 (5th Cir. 1983) (citing cases).

This general framework suggests that plaintiff could have argued that she should have been permitted to include her pre–1979 claims in her complaint; it does not even imply that they are included in the complaint despite her failure to allege them. *Cf. id.* at 403 n. 7 ("nonfrivolous *allegations* of the present existence of discriminatory practices in promotion or transfer clearly fall without the proscription of [*United Airlines v.*] *Evans* [431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977), holding that mere perpetuation of effects of time-barred discrimination is not a continuing violation]") (emphasis added).

As to plaintiff's 1982 charges, we are aware of no authority, and plaintiff has cited none, permitting a plaintiff to forego ever attempting to include new claims in her complaint merely because the post-charge conduct was an instance of the defendant's continuing violation of Title VII. *See Kirkland v. Buffalo Bd. of Education*, 622 F.2d 1066, 1068 (2nd Cir.1980) (court is to consider pleaded claims reasonably related to charge, including acts that occurred during EEOC investigation); *Oubichon v. North American Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir.1973) ("judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge, including new acts occurring during the pendency of the charge before the EEOC"); *cf. Ray v. Freeman*, 626 F.2d 439, 442–43 (5th Cir. 1980) (discrete acts occurring after filing of EEOC charge not judicially reviewable absent prior administrative consideration); *Gardner v. Morris*, 752 F.2d 1271, 1279 (9th Cir.1985) (post-charge claims of violation of Rehabilitation Act, 28 U.S.C. § 701 *et seq.*, subject to requirement of exhaustion of remedies where EEOC investigation completed years before). It is true that plaintiff timely filed with the district court the notice of her right-to-sue in the April 1982 charge. However, the filing of such a notice without the underlying charge does not constitute the commencement of an action, *Baldwin County*, 466 U.S. at 150, 104 S.Ct. at 1725, and it also follows that it was not the equivalent of an amendment to the complaint.

Plaintiff additionally contends that the so-called "single filing rule" permits her to rely on the charges filed by the plaintiff in the *Taylor* litigation, thus removing the requirement that she must file EEOC charges regarding her additional claims. This position misapprehends this equitable doctrine:

> [I]n a multiple-plaintiff non-class action suit, if one plaintiff has filed a timely EEOC complaint as to that plaintiff's individual claim, then co-plaintiffs with individual claims arising out of similar discriminatory treatment in the same time frame need not have satisfied the filing requirement. [Citations omitted.] ... First, at least one plaintiff must have timely filed an EEOC complaint that is not otherwise defective.... Second, the individual claims of the filing and non-filing plaintiffs must have arisen out of similar discriminatory treatment in the same time frame.

*Jackson v. Seaboard Coast Line R. Co.,* 678 F.2d 992, 1011–12 (11th Cir.1982).

Plaintiff has cited no authority, and we know of none, for the notion that the single-filing rule operates so as to allow a plaintiff not to allege all of her individual claims in the complaint with which she commences a separate action, because of the pendency of a class action of which she is a putative member. To the contrary, the rule is based on the principle that it would be wasteful and needlessly repetitious to require all similarly situated plaintiffs in one action to process identical complaints with the EEOC. *Wheeler v. American Home Products Corp.,* 582 F.2d 891, 897 (5th Cir.1977). This does not even suggest that such a plaintiff need not plead all the claims she desires to litigate in her own action.

Finally, plaintiff argues that because she was a member of the putative class in the *Taylor* case, which concerned the same kinds of discrimination as her 1977 and 1978 claims, she was encouraged and entitled to rely on her "tolling rights," and therefore her 1979 charge "reach[es] back to the same point in time as the *Taylor* claims" (April 3, 1976). This position, even if supportable, does not help plaintiff, because she failed to allege the claims she contends were tolled. While the statute of limitations "remains tolled for all members of the putative class until class certification is denied," after denial members must still file their own suits or intervene in the pending action in a timely manner. *Crown, Cork & Seal Co. v. Parker,* 462 U.S. 345, 354, 103 S.Ct. 2392, 2397, 76 L.Ed.2d 628 (1983). Thus, plaintiff could have raised her additional claims in her complaint, or perhaps within 90 days of the denial on December 12, 1983 of class certification in *Taylor* (despite the filing of her own action), assuming (without deciding) that they "concern the same evidence, memories, and witnesses as the subject matter of the original class suit." *Id.* at 355, 103 S.Ct. at 2398, *quoting American Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 562, 94 S.Ct. 756, 770, 38 L.Ed.2d 713 (1974) (Powell, *J.,* concurring). She did neither.

In sum, plaintiff appears to have conceived this litigation as an across-the-board class action attack on the Company's policies and the Union's representation, not an action to redress individual grievances. It was only after the denial of class certification that she belatedly began to focus on her personal claims. Plaintiff failed to make any attempt to amend her complaint to assert additional individual claims. Whatever the reason for her failure to amend, we find no error in the district court's taking the complaint at face value, and holding that the unpleaded claims were not before it.

We find no abuse of discretion in refusal to treat the action as a class action, and no error in declining to try claims not pleaded. The judgment in favor of the defendants is AFFIRMED.