[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 22, 2008
THOMAS K. KAHN
CLERK

No. 08-11158
Non-Argument Calendar

_____

D. C. Docket No. 06-01105-CV-ORL-31KRS

MICHAEL J. HEWITT,

Plaintiff-Appellee,

versus

MOBILE RESEARCH TECHNOLOGY, INC.
CRYSTAL INTERNATIONAL
f.k.a. Mobile Research International, Inc.,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 22, 2008)**

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Michael J. Hewitt appeals the judgment as a matter of law in favor of

Crystal International Travel Group and against Hewitt's complaint for breach of contract. We affirm.

Hewitt's theory throughout litigation and trial was that there was a written assignment to Crystal of his employment contract with Mobile Research Technology. At trial, Hewitt's only evidence of a written assignment of his employment contract to Crystal was an 8-K form filed by Crystal with the Securities and Exchange Commission. The 8-K form is an unaudited disclosure document that must be filed with the Commission to announce major events to shareholders. The district court granted judgment as a matter of law in favor of Crystal at the close of trial, before the jury deliberated.

Hewitt also argued that there was sufficient evidence for the jury to decide whether there was an oral assignment of the contract. Crystal argued that there could not be any oral assignment because the statute of frauds requires a writing. See Fla. Stat. § 725.01. Crystal did not plead the affirmative defense of the statute of frauds in its answer to the amended complaint.

We review judgment as a matter of law de novo. Webb-Edwards v. Orange County Sheriff's Office, 525 F.3d 1013, 1029 (11th Cir. 2008) (citation omitted). "[W]e consider all the evidence in the light most favorable to the non-moving party, and independently determine whether the facts and inferences point so

overwhelmingly in favor of the movant . . . that reasonable people could not arrive at a contrary verdict." Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1308 (11th Cir. 1998). We review the denial of a motion to alter or amend a judgment for abuse of discretion. Shuford v. Fid. Nat'l Prop. & Cas. Ins. Co., 508 F.3d 1337, 1341 (11th Cir. 2007) (citations omitted).

Hewitt challenges two rulings of the district court. First, Hewitt argues that the district court erred when it entered judgment as a matter of law against his complaint for breach of contract. Second, he argues that the district court abused its discretion when it denied his motion to alter or amend the judgment. Both arguments fail.

The district court reasoned that Hewitt failed to present any evidence of a written assignment of the employment contract to Crystal and any alleged oral assignment was not valid under the statute of frauds. Hewitt contends that the district court erred in both determinations. We agree with the district court.

Hewitt failed to prove a written assignment of his contract with Mobile Research Technology. The 8-K form filed with the Commission is neither a contract nor an assignment. The district court did not err when it rejected Hewitt's theory.

Hewitt's alternative argument that Crystal waived its defense under the

3

statute of frauds also fails. The statute of frauds is an affirmative defense under Federal Rule of Civil Procedure 8(c). If a party fails to raise an affirmative defense in the pleadings, the party ordinarily waives its right to raise the issue at trial. Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988). Nevertheless, "the liberal pleading rules established by the Federal Rules of Civil Procedure apply to the pleading of affirmative defenses. We must avoid hypertechnicality in pleading requirements and focus, instead, on enforcing the actual purpose of the rule." Hassan, 842 F.2d at 263. When a plaintiff has notice that an affirmative defense will be raised at trial, the failure of the defendant to plead the affirmative defense does not prejudice the plaintiff, and it is not error for the district court to hear evidence on the issue. Id. (citations omitted).

The district court did not err when it rejected Hewitt's alternative theory of an oral contract. Hewitt has not alleged any prejudice or surprise by the failure of Crystal to plead the affirmative defense. Hewitt had ample notice that Crystal denied any assignment of the contract. Hewitt attempted to salvage his complaint by arguing, in the alternative, that the assignment was oral, but the district court correctly concluded that any oral assignment was invalid under the statute of frauds.

Hewitt also contends that the district court erred when it dismissed his

"claims" of "failure to pay Hewitt any wages during the final two weeks of employment" and "failure to timely submit Hewitt a '144 letter' so that he could timely sell his stock before the value dropped," but we disagree. These alleged damages depend on a valid contract, which Hewitt failed to prove. The district court did not err when it granted Crystal judgment as a matter of law.

Hewitt advanced the same arguments to the district court in his motion to alter or amend the judgment as he did in this Court. Because these arguments fail, the district court did not abuse its discretion when it denied Hewitt's motion to alter or amend the judgment.

The judgment as a matter of law in favor of Crystal is

**AFFIRMED**.