Roy JACKSON and Devie McLaughlin, Plaintiffs,

v.

CITY OF CENTREVILLE and Julius Dalton Murphy, Defendants.

No. 7:09–CV–02115–LSC.

United States District Court, N.D. Alabama, Western Division.

Nov. 3, 2010.

Daniel E. Arciniegas, Jon C. Goldfarb, Wiggins Childs Quinn & Pantazis LLC, Birmingham, AL, for Plaintiffs.

James W. Porter, II, Lauren G. Goodman, Porter Porter & Hassinger PC, Birmingham, AL, Randall C. Morgan, Hill Hill Carter Franco Cole & Black PC, Montgomery, AL, for Defendants.

## MEMORANDUM OF OPINION AND ORDER

### L. SCOTT COOGLER, District Judge.

The magistrate judge filed a report and recommendation on September 8, 2010 (Doc. 31), recommending that Plaintiffs' motion to strike certain affirmative defenses (Doc. 27) be granted in part and denied in part. The parties were allowed fourteen days to file written objections to the magistrate judge's recommendation. Defendants filed objections on September 22, 2010. (Doc. 36.)

Defendants object to the magistrate judge's statement that "affirmative defenses are subject to the general pleading requirements of Rule 8(a)" of the Federal Rules of Civil Procedure ("FRCP"). (Doc. 31 at 7.)

Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court cases *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal,* — U.S. —, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), clarified the general pleading requirements of Rule 8(a). In those cases, the Supreme Court interpreted the rule to require "a complaint [to] contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The Supreme Court desired to prevent plaintiffs with groundless claims from wasting judicial and other legal resources. *Twombly,* 550, U.S. 557–58. Neither *Twombly* nor *Iqbal* address Rules 8(b)(1)(A) and 8(c) which pertain to affirmative defenses.

Rule 8(b)(1)(A) contains similar, but not identical, language to Rule 8(a). Rule 8(b)(1)(A) provides that, in general, when responding to a pleading a party must "state in short and plain terms its defenses to each claim asserted against it." And Rule 8(c) specifically addresses affirmative defenses, requiring parties to "affirmatively state any avoidance or affirmative defenses, including: accord and satisfaction; arbitration and award; assumption of risk . . . ."

Though the Eleventh Circuit has addressed affirmative defenses, it has not extended the pleading requirements of Rule 8(a) to affirmative defenses. In its decisions, the Eleventh Circuit has stressed providing notice as the purpose of Rule 8(c): "[t]he purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it." *Hassan v. USPS,* 842 F.2d 260, 263 (11 th Cir.1988). In *Hassan,* the Eleventh Circuit allowed the defendant to raise an affirmative defense that the defendant did not even plead, because the plaintiff had notice. *Id. See also Hewitt v. Mobile Research Technology, Inc.,* 285 Fed.Appx. 694, 696 (11th Cir.2008) ("When a plaintiff has notice that an affirmative defense will be raised at trial, the failure of defendant to plead the affirmative defense does not prejudice the plaintiff, and it is not error for the district court to hear evidence on the issue.").

Defendants argue that the affirmative defenses in their answer sufficiently notify Plaintiffs. This Court agrees. Plaintiffs assert four counts in their amended complaint. (Doc. 6.) All counts allege constitutional or civil rights violations arising out of Plaintiffs' employment with the City of Centreville, Alabama. (Doc. 6.) Both Plaintiffs allege that they were employed by the same entity and fired in the same month by the same person. (Doc. 6.) Defendants respond by alleging twenty-five affirmative defenses. The pleadings are not voluminous; the amended complaint and answer each total thirteen pages. (Doc. 6; Doc. 25.) No question exists as to which conduct the Defendants aim their defenses. Additionally, each affirmative defense lists, at minimum, legal theories contained in FRCP 8(c)(1): "Defendant pleads the defenses of waiver, res judicata, estoppel, judicial estoppel, collateral estoppel, and ratification." (Doc. 25 at 8.) Some of the listed defenses do not constitute affirmative defenses, because they dispute elements of Plaintiffs' case-in-chief: "Defendant states that

Plaintiffs' own conduct proximately caused any and all damages sought in the Amended Complaint." These defenses, nonetheless, apprise Plaintiffs of what Defendants will argue, which is all the Eleventh Circuit requires. *See Hassan,* 842 F.2d at 263. Thus, no basis exists to grant Plaintiffs' motion to strike. (Doc. 27.)

The magistrate based his decision to grant, in part, Plaintiffs' motion to strike on a series of trial court decisions applying heightened pleading standards to affirmative defenses. (Doc. 31 at 7.) *See, e.g., Castillo v. Roche Lab., Inc.,* No. 10–20876, 2010 WL 3027726 (S.D.Fla. Aug.2, 2010). For three reasons this Court does not agree with the magistrate that heightened pleading standards apply to affirmative defenses. First, Rule 8(a)(2) requires pleaders to "show" their entitlement to relief; Rules 8(b)(1)(A) and 8(c) only require responders to "state." Second, the Federal Rules of Civil Procedure provide an easy mechanism to remedy deficient complaints, but only a last resort for insufficient defenses, which indicates that defenses must meet less strict requirements. Defendants faced with a vague or ambiguous complaint can move for a more definite statement of a pleading under Rule 12(e). Conversely, a plaintiff faced with an insufficient answer cannot move for a more definite statement. *See* Rule 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed. . . ."). The plaintiff must move to strike the insufficient answer under Rule 12(f), which is a rare remedy. *Augustus v. Bd. of Public Instr. of Escambia County, Fla.,* 306 F.2d 862, 868 (5th Cir.1962). And third, the notice requirement for Rule 8(c) has always been less stringent than the pleading requirements in Rule 8(a). Courts need not allow plaintiffs to assert claims outside their complaint; but notice to the plaintiffs allows defendants to assert defenses not in their answers. *Cf. Coon v. Georgia Pacific Corp.,* 829 F.2d 1563, 1571 (11th Cir.1987) ("[W]e find no error in the district court's taking the complaint at face value, and holding that the unpleaded claims were not before it.") *with Hassan,* 842 F.2d at 263. This Court notes that other trial courts have concluded the same. *See, e.g., McLemore v. Regions Bank,* No. 08–0021, 2010 WL 1010092 (M.D.Tenn. Mar.18, 2010); *First Nat'l Ins. Co. of Am. v. Camps Servs.,* No. 08–12805, 2009 WL 22861 (E.D.Mich. Jan.5, 2009); *Blanc v. Safetouch, Inc.,* 07–1200, 2008 WL 4059786 (M.D.Fla. Aug.27, 2008); *Westbrook v. Paragon Sys.,* 07–714, 2007 U.S. Dist. LEXIS 88490 (S.D.Ala. Nov. 29, 2007).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the magistrate judge's report and recommendation (Doc. 31) is hereby rejected. Plaintiffs' motion to strike certain affirmative defenses (Doc. 27) is denied. And the above-entitled cause is referred to the magistrate judge for further proceedings consistent with this opinion.