[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12788
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 10, 2010
JOHN LEY
CLERK

D. C. Docket No. 6:09-cv-00224-GJK

LEONARD MOORE,
JASON EVERS,
CHRISTOPHER LUNGRIN,

                                                          Plaintiffs-Appellants,

versus

SEI PAK, individually,

                                                          Defendant-Appellee,

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 10, 2010)

Before HULL, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Leonard Moore, Jason Evers, and Christopher Lungrin ("Plaintiffs") appeal from the entry of summary judgment in favor of their employer, Sei Pak, in their suit against Pak for retaliation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3). The Plaintiffs sued Pak for retaliation because Pak denied them positions as independent contractors after they initiated an earlier FLSA suit against Pak for unpaid overtime compensation.[1] The Plaintiffs filed the separate retaliation suit while the overtime compensation suit, which the parties ultimately settled, was still pending. The magistrate judge granted Pak's summary judgment motion on *res judicata* grounds after it concluded that the Plaintiffs had raised their retaliation claim in the prior suit.[2] On appeal, Plaintiffs argue that their prior FLSA overtime compensation lawsuit does not preclude their current retaliation suit. We agree.

We review *de novo* a district court's order on a motion for summary judgment and construe the facts in the light most favorable to the non-moving party. Van Voorhis v. Hillsborough Cnty. Bd. of Cnty. Comm'rs, 512 F.3d 1296, 1299 (11th Cir. 2008). We also review *de novo* a district court's application of *res*

---

[1] The Plaintiffs also sued Appliance Direct, Inc., but proceedings against Appliance Direct have been stayed because the company filed for bankruptcy after the magistrate judge entered judgment in its favor.

[2] The district court referred this case to a magistrate judge after the parties consented to the magistrate judge's jurisdiction.

2

*judicata*.  EEOC v. Pemco Aeroplex, Inc., 383 F.3d 1280, 1285 (11th Cir. 2004).

We apply federal law "because federal preclusion principles apply to prior federal

decisions."  Id. (quotation marks omitted).

"Under res judicata . . . a final judgment on the merits bars the parties to a

prior action from re-litigating a cause of action that was or could have been raised

in that action."  In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001).

"Res judicata applies not only to the precise legal theory presented in the previous

litigation, but to all legal theories and claims arising out of the same operative

nucleus of fact."  Manning v. City of Auburn, 953 F.2d 1355, 1358–59 (11th Cir.

1992) (quotation marks omitted).

> [A] party seeking to invoke the doctrine must establish . . . four initial elements: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action.

In re Piper Aircraft Corp., 244 F.3d at 1296.  If these requirements are met, the

court must determine whether the new claim could have been raised in the prior

suit.  Id.  The preclusion of claims that "could have been brought" in earlier

litigation does not include claims that arose after the original complaint was filed

in the prior action, unless the plaintiff actually asserted the claim in "supplemental

pleadings *or otherwise*."  Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1357

3

(11th Cir. 1998).

We conclude that even if this case satisfies the *res judicata* elements, the Plaintiffs' retaliation claim is one "which ar[o]se after the original pleading [wa]s filed in the earlier litigation" and is not barred unless Plaintiffs asserted the claim in the prior litigation. Id. at 1357. The Plaintiffs filed their overtime compensation suit against Pak on March 4, 2008. Construing the facts in the Plaintiffs' favor, the retaliation claim did not arise until November 21, 2008, when Pak excluded Plaintiffs from an opportunity to apply for independent contractor positions. Therefore, the Plaintiffs' retaliation claim arose eight months after they filed their original complaint.

The Plaintiffs could not have asserted the retaliation claim in their initial complaint in the overtime compensation suit and were free to decline to do so through supplemental pleadings. We observed in Manning "that Federal Rule of Civil Procedure 15(d), which governs supplemental pleadings, makes such a pleading optional and held that the doctrine of *res judicata* does not punish a plaintiff for exercising the option not to supplement the pleadings with an after-acquired claim." Pleming, 142 F.3d at 1357 (citing Manning, 953 F.2d at 1360).

We also conclude that the Plaintiffs never asserted their retaliation claim in their overtime compensation suit "through supplemental pleadings or otherwise."

4

Pleming, 142 F.3d at 1357 (emphasis omitted). In the overtime compensation suit, the Plaintiffs' only reference to retaliation occurred in the status report they filed with the court immediately before the case settled. In this report, the Plaintiffs indicated that mediation had failed, and asked the court to try the case "as soon as possible" based on several unresolved concerns, including Pak's failure "to . . . offer Plaintiffs the opportunity to become subcontractors for Defendant, an opportunity previously not granted to Plaintiffs because Plaintiffs were named on a lawsuit against Defendant." This Court has held that while "a litigant may 'otherwise' assert a claim, without filing a supplemental pleading . . . these other means must conform with the rules of procedure." Pleming, 142 F.3d at 1358. We have identified specific examples of other means of asserting a claim that trigger *res judicata*, such as "an amendment pursuant to Rule 15(b) or the assertion of a claim through a pretrial order pursuant to Rule 16(e)." Id. Neither of these options was pursued here. Pak concedes that, in light of Pleming, the magistrate judge's reliance on the status report as the basis for concluding that the Plaintiffs asserted a retaliation claim in the prior litigation "may have been incorrect."

The Plaintiffs' reference to Pak's retaliation is similar to the references we have held insufficient to assert a claim before a district court. In Coon v. Georgia Pacific Corp., 829 F.2d 1563, 1568–71 (11th Cir. 1987), we affirmed the district

court's refusal to consider the plaintiff's claims of specific acts of discrimination, which she included in her briefs, discovery requests, and motions, but never added to her complaint. We explained that "[t]hese claims were not somehow 'present' within her complaint, despite her failure to allege them." Id. at 1570. We also rejected the notion that the claims were before the district court because they were part of a "continuing violation." Id.; see also Pleming, 142 F.3d at 1358 (collecting cases). We conclude that the Plaintiffs' reference to retaliation in the status report was insufficient to put their retaliation claim properly before the district court pursuant to the Federal Rules of Civil Procedure.

For these reasons, we hold that *res judicata* does not bar the Plaintiffs' retaliation claim against Pak. We VACATE and REMAND this case to the district court for further proceedings consistent with this opinion.