**Ruth FOSTER and Cheryl Johnson, Plaintiffs,**

v.

**BECHTEL POWER CORPORATION, Defendant.**

**No. LR-C-77-300.**

United States District Court, E. D. Arkansas, W. D.

March 24, 1981.

Lynn-Marie Crider, Youngdahl, Larrison & Agee, Little Rock, Ark., for plaintiffs.

James E. Darr, Jr., Eichenbaum, Scott, Miller, Crockett, Darr & Hawk, P. A., Little Rock, Ark., for defendant.

### ORDER

HENRY WOODS, District Judge.

Plaintiffs filed their motion for certification of class action on October 21, 1980. Extensive discovery has been conducted by both parties, memorandum briefs have been submitted on the issue of class certification, and both the plaintiffs and defendant agree with the court that the motion can be disposed of without the necessity of conducting a hearing.

The class which the plaintiffs seek to represent is "a class of all female, past, present and future non-manual employees and applicants for non-manual employment at defendant Bechtel Power Corporation's Russellville, Arkansas facility .... " (See plaintiffs' Motion for Certification of Class Action filed October 21, 1980.) There is virtually no dispute between the parties as to the law applicable to a determination of whether or not the plaintiffs should be permitted to proceed as class representatives. To succeed in persuading the court that they should be allowed to proceed as class representatives, plaintiffs bear the burden of proving that the requirements of Rule 23 of Fed.R.Civ.P. have been satisfied. Rule 23(a) provides as follows:

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In addition to satisfying the four requirements of Rule 23(a), the plaintiffs must fall within one of three categories found under Rule 23(b) which provides as follows:

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or

substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

"Each of the Rule 23 requirements must be met before a class can be certified." *Jones v. MacMillan Bloedel Containers, Inc.*, 84 F.R.D. 640 (E.D.Ark.W.D.1979).

Plaintiffs, in the instant litigation, maintain that they have satisfied the four requirements of Rule 23(a) and that they fall within category (2) of Rule 23(b). The court in this opinion will be concerned with an application of Rule 23 to the facts of the present case to determine whether or not the plaintiff should proceed as class representatives and, if so, a determination of what the parameters of the class should be. Recognizing that necessarily there is overlap in the application of each of the elements of Rule 23(a), the court will attempt to address each requirement individually.

The first requirement of Rule 23(a) is commonly referred to as the "numerosity" or "impracticability of joinder" requirement. A determination of whether this requirement has been met is concerned in part with the managability of the claims in

a class action suit versus the managability of the numerous claims of putative class members joined in one action. While numerous authors have attempted to break down the cases so that guidance can be found from an examination of the sheer numbers involved, the court recognizes that there is no "magical formula" which will dictate whether or not Rule 23(a)(1) has been satisfied. The court notes that the plaintiffs collectively named approximately twenty other persons they felt had been discriminated against by the defendants. However, the plaintiffs also in their depositions assert that there are others they are unable to name, whom they felt were discriminated against. The court agrees with the defendant that broad allegations of class discrimination alone do not in and of themselves satisfy the numerosity requirement. While not accepting the proposition that employment discrimination suits should result in relaxation of Rule 23(a)(1)'s requirement of numerosity, the court acknowledges the fact that these claims "are often by their very nature class suits, involving class-wide wrongs." *East Texas Motor Freight v. Rodriguez*, 431 U.S. 395, 405, 97 S.Ct. 1891, 1897, 52 L.Ed.2d 453 (1977) and *Wright v. Stone Container Corporation*, 524 F.2d 1058 (8th Cir. 1975). In addition to those employees of the defendant specifically named by the plaintiffs in their depositions, the plaintiffs have testified that other past and present employees of defendant have been discriminated against with regard to pay, promotion, transfer and other employment benefits. At this time the court is convinced that there are sufficient potential claims of actual discrimination at the defendant's facility to make the class action device the most efficient means of litigating this case. The court recognizes that the numerosity question is a close one, but in light of the option to decertify pursuant to Rule 23(c)(1) the court feels that the balance should be struck in favor of a finding of numerosity at this time.

The second requirement of common questions of law or fact would not seem to be as close a question, particularly when the putative class is redefined as this court proposes to do. (See Court's discussion of typicality, *infra*.) There will be common issues of fact and law for this court to reach in determining whether or not the differences in pay, promotion and transfer are the result of sexual discrimination or bona fide nondiscriminatory market and employment factors. The discrimination claims asserted by the plaintiffs are rooted in the same or similar factual background as the potential class members.

The typicality provision of Rule 23 "requires a demonstration that there are other members of the class who have the same or similar grievances as the plaintiff." *Donaldson v. Pillsbury Company*, 554 F.2d 825, 830 (8th Cir. 1977). While there may be some subtle differences in the grievances of the plaintiffs and the putative class members, it is clear that the plaintiffs' claims are grounded in the same alleged discrimination as that which would have to be found to support the claims of the putative class members. This is not true as to all persons the plaintiffs seek to represent, but the court feels it is definitely true when the court limits class membership. At this time the court notes that the plaintiffs seek to represent future female non-manual employees of the defendant. This proposed representation cannot be sustained, and the court's prior discussion of Rule 23 has presumed that this representation would not be permitted. In this regard, the court finds the following ruling of Chief Judge Eisele instructive: "To the extent that future employees would be affected by discrimination subsequent to this cause of action, injunctive relief, if any is given, will, as a practical matter, adequately protect their interests regardless of whether these presently unascertainable persons are class members." *Jones v. MacMillan Bloedel Containers, Inc., supra* at 643. Further, since both plaintiffs have achieved employment with the defendant, they cannot be permitted to assert representation on behalf of applicants for employment at defendant's facility in Russellville, Arkansas. To rule otherwise, the court would run afoul of at least

 

the typicality, commonality and adequacy of representation requirement and more importantly, the court fears that the due process considerations which permeate the decision of whether or not to certify a class would be ignored.

With regard to the employees allegedly terminated for sexual bias reasons, the court recognizes that one of the plaintiffs is presently employed at the defendant's Russellville facility and the other plaintiff's cessation of employment with the defendant is not grounded in the same scheme of discrimination alleged by the plaintiff. Therefore, the plaintiffs are not in a position to press such termination claims.

The fourth factor of adequacy of representation cannot be overemphasized. *East Texas Motor Freight v. Rodriguez, supra.* Given the limitations put upon the proposed class by the court as discussed above, it would appear that the plaintiffs have the incentive to vigorously represent the interests of the class. Further, attorneys retained to represent the plaintiffs are sufficiently versed in the conduct of class action litigation to adequately represent the plaintiffs and the proposed class.

The plaintiffs allege that the defendant refused to act on grounds generally applicable to the class of which they are members, and the court finds that these allegations together with the discovery completed thus far support the plaintiffs' assertion that they have satisfied subparagraph (b)(2) of Rule 23.

In reaching this decision on class certification, the court has not ignored the merits of the plaintiffs' claims. The court has at least considered the nature and character of these claims in determining satisfaction of the requirements of Rule 23. The court notes the defendant's argument that there exist valid nondiscriminatory reasons (e. g. availability of qualified females in relevant job market) for the apparent disparity in pay, transfer and promotion of female employees as opposed to male employees. However, at this stage of the proceeding, the court cannot fully determine the merits of the plaintiffs' claims.

This action will therefore proceed as a class action with the plaintiffs representing a class of all past and present female non-manual employees of defendant Bechtel Power Corporation's Russellville, Arkansas facility.

IT IS, THEREFORE, ORDERED that the Motion for Class Certification is denied in part and granted in part.