Frank L. **EASTLAND**, Individually, et al., Plaintiffs-Appellants,

v.

**TENNESSEE VALLEY AUTHORITY**, et al., Defendants-Appellees.

No. 82–7008.

United States Court of Appeals, Eleventh Circuit.

Sept. 12, 1983.

Paul C. Saunders, New York City, Richard T. Seymour, Lawyers' Comm. for Civil Rights Under Law, Washington, D.C., for plaintiffs-appellants.

Herbert S. Sanger, Jr., Gen. Counsel, T.V.A., Justin M. Schwamm, Sr., Thomas F. Fine, A. Jackson Woodall, Jr., Knoxville, Tenn., for defendants-appellees.

## ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

Before GODBOLD, Chief Judge, FAY and SMITH *, Circuit Judges.

PER CURIAM:

The amicus brief filed by the NAACP Legal Defense and Educational Fund, Inc., in support of the petition for rehearing/rehearing en banc questions the correctness of footnote 9 of our opinion, 704 F.2d at 620.

Footnote 9 is withdrawn and the following substituted for it:

9 The district court refused to consider the initial assignment claims because they were "applicant claims" excluded by the Fifth Circuit's opinion in *Eastland I,* 553 F.2d 364. *Eastland I* held that "a class action may only be maintained if the requirements of Rule 23 ... can be complied with, and the only issues that may be raised are those issues that were raised by the representative parties in their administrative complaints, together with those issues that may reasonably be expected to grow out of the administrative investigation of their claims." *Id.* at 372. Eastland argues that initial assignment claims were implicit in the administrative complaints of both Nash and Sheffield and therefore the issue was properly before the court.

The starting point for determining the permissible scope of the judicial complaint is the EEOC charge and investigation. *Evans v. U.S. Pipe & Foundry Co.,* 696 F.2d 925, 927 (Cir. 1983). In *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455 (5th Cir.1970), the Fifth Circuit held "the allegations in a judicial complaint filed pursuant to Title VII 'may encompass any kind of discrimination *like or related* to the allegations contained in the charge and growing out of such allegation during the pendency of the case before the Commission.'" *Id.* at 466 (quoting *King v. Georgia Power Co.,* 295 F.Supp. 943, 947 (N.D.Ga.1968) (emphasis added)). Under the "like or related" rule "the 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.*

In the instant case none of the class representatives raised an initial assign-

* Honorable Edward S. Smith, U.S. Circuit Judge for the Federal Circuit, sitting by designation.

ment claim in his administrative complaint. The class representatives were not in a position to raise such claims because all received their initial assignments years before Title VII was made applicable to TVA. Our review of the record reveals no indication that the administrative investigations considered either discrimination in initial assignments or the contention that widespread discrimination resulted from TVA's general policy of delegating excessive subjective discretion to its supervisory staff.

The "like or related" rule has been subject to varied interpretations. *See Evans,* 696 F.2d 928–29. Although the pervasiveness of a discriminatory practice or other compelling circumstances may support a broader application of the rule, on the facts of this case the district court's refusal to consider the initial assignment claims was not error.

In all other respects, the petition for rehearing is DENIED.

No member of this panel nor judge in regular active service on the court having requested that the court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Eleventh Circuit Rule 26), the suggestion for rehearing en banc is DENIED.