474

SPECIALTY CABINETS & FIXTURES, INC., Wayne Bevill, Stephen Layden, Kevin Callais, Patsy Scarborough, and Roderick Shuman, Plaintiffs,

v.

AMERICAN EQUITABLE LIFE INSURANCE COMPANY, Thomas Faber & Associates, Inc., Wanda Brooks, Defendants,

INSURANCE RESOURCES MANAGEMENT CORPORATION, Defendant and Third Party Plaintiff,

v.

INDIVIDUAL ASSURANCE COMPANY, LIFE, HEALTH, AND ACCIDENT, Third Party Defendant, and Counterclaim and "Related Claim" Plaintiff,

and

Acceleration National Insurance Corporation, "Related Claim" Plaintiff,

v.

Wayne BEVILL, Stephen Layden, Kevin Callais, Patsy Scarborough, Roderick Shuman, Arden O. French, Gordon Crozier, and Deposit Guaranty National Bank, "Related Claim" Defendants.

No. CV 490–269.

United States District Court, S.D. Georgia, Savannah Division.

Oct. 3, 1991.

Brent Jamieson Savage, Adams, Gardner & Ellis, Michael Anthony Lewanski, Calhoun & Associates, Savannah, Ga., John J. McKay, McKay and Taylor, Hilton Head Island, S.C., for plaintiffs.

Brian Riewe, American Equitable Life Ins. Co.—Offc of Receiver, Austin, Tex., for American Equitable.

Michael Thomas Byrne, Atlanta, Ga., for Thomas Faber & Associates.

Robert Jason D'Cruz, Wade Wilkes Herring, II, Malcolm R. Maclean, Hunter, Maclean, Exley & Dunn, Savannah, Ga., for Insurance Resources Management Corp., Arden O. French, Gordon Crozier.

Roy E. Paul, Bouhan, Williams & Levy, Savannah, Ga., Tim S. Haverty, Kent E. Whittaker, Terrence Ahern, Kansas City, Mo., for Individual Assur. Co., Life and Health and Acc., Acceleration Nat. Life Co.

Samuel Powel Inglesby, Jr., Dorothy Waters Courington, Inglesby, Falligant et al., Savannah, Ga., for Deposit Guar. Nat. Bank.

Joseph Patrick Brennan, Marvin W. McGahee, Brennan & Wasden, Savannah, Ga., Robert M. Kroenert, Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, Mo., for Centennial Life Ins. Co.

## ORDER

EDENFIELD, Chief Judge.

Various parties have filed motions for class certification in this case. Some parties oppose class certification, while others urge the Court to certify a class, but cannot agree what individuals should be mem-

bers of the class. The parties have agreed, however, to waive their objections to class certification as part of an overall settlement of the case. In an effort to reach this settlement, the parties have agreed on a common definition of the putative class.[1] They ask the Court to certify this class conditionally, for settlement purposes, under Fed.R.Civ.P. 23(b)(1) or 23(b)(2). They ask the Court not to certify the class under Fed.R.Civ.P. 23(b)(3) because they do not want potential class members to be able to opt out of the class. After a searching analysis of the requirements of Rule 23, the Court has determined that certification of the class under Rule 23(b)(1)(B) is appropriate. The parties' motion for conditional class certification is GRANTED.

## BACKGROUND

Because the Court's Order of March 18, 1991 analyzed the complex factual background of this case in detail, the Court will assume familiarity with that Order. Nevertheless, the Court will summarize the relevant facts.

At the heart of this case are the claims of the Plaintiffs, Specialty Cabinets & Fixtures, Inc. ("Specialty Cabinets") and some of Specialty Cabinets' employees. Specialty Cabinets had an employee welfare benefits plan, covered by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1101 *et seq.*, with the Dimensional Group Trust, a group of corporations insured through one insurance carrier. In August 1989, the insurance carrier was changed to American Equitable Life Insurance Company. Ultimately, American Equitable became insolvent and went into receivership in Texas. The Texas receiver has paid only Texas claimants. Other beneficiaries of plans in the Dimensional Group Trust, including Specialty Cabinets employees, have not received the benefits due to them under their ERISA plans.

To recover for these benefits, the Plaintiffs brought this suit against various Defendants. The Plaintiffs claim that all of the Defendants are ERISA fiduciaries, although some of the Defendants disagree with this characterization. At any rate, the complaint alleges that the Defendants breached their fiduciary duties by permitting the insurance carrier for the Dimensional Group Trust to be changed to an insolvent insurance carrier. The Plaintiffs seek to recover for the injuries in the form of payment of their claims.

There have been a number of cross claims, counterclaims, and third party complaints in this case. They are described in detail in the Order of March 18, 1991. Of particular note for the purposes of this order is the cross claim filed by Individual Assurance Company, Life, Health and Accident ("IAC") against Specialty Cabinets' employees and other parties. This cross claim seeks a declaratory judgment that would explain the limits of IAC's liability.

Two motions for class certification are pending in this case. The Plaintiffs seek certification of a plaintiff class for their claims. IAC also seeks certification of a defendant class for its cross claims against Specialty Cabinets' employees. Although both of these proposed classes would include Specialty Cabinets' employees and persons similarly situated, the Plaintiffs and IAC disagree about the scope of this class. For settlement purposes, however, the Plaintiffs, IAC, and all other parties except Centennial agree on the following definition for the proposed class:

The term "potential class" or "class" means all employees and their dependents:

(1) who reside in states other than Texas (which state has an insurance guaranty fund) and were insured, as a result of

1. One of the parties, Centennial Life Insurance Company, appeared to agree to this common definition of the class during the settlement conference held by the Court in September. By letter dated September 26, 1991, however, Centennial's attorney stated, "Centennial does not agree to the proposed settlement in its present form because it does not provide for a non-

contingent settlement agreement which sets forth a specific and maximum limit to any payment by the defendants. Under the circumstances, ... Centennial must oppose and object to any class certification for the reasons previously set forth in its brief in opposition to class certification." The Court has reviewed Centennial's brief in preparation of this Order.

the participation in the Dimensional Group Trust by the employee's employer, as of July 31, 1989, by Acceleration or IAC pursuant to group insurance policies issued by either to the Dimensional Group Trust; and

(2) who incurred medical expenses on or after August 1, 1989 and prior to April 30, 1990, ("Post August 1 Claim").

(Draft Stipulation of Proposed Settlement, at 2). The parties have informed the Court that they agree to this definition unless the Court grants class members the right to opt out of the class. Because certification under Fed.R.Civ.P. 23(b)(3) would permit class members to opt out, the parties seek certification under either Fed.R.Civ.P. 23(b)(1) or (b)(2).

## ANALYSIS

### I. Rule 23(a) Prerequisites

■ Before the Court may certify a class, the Court must conduct a rigorous analysis to satisfy itself that the prerequisites of Fed.R.Civ.P. 23(a) have been met. *See General Tel. Co. of the Southwest v. Falcon,* 457 U.S. 147, 161, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982). Rule 23(a) allows class certification if:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). All of these prerequisites have been met in this case.

The Eleventh Circuit has noted that "mere allegations of numerosity are insufficient to meet this [Rule 23(a)(1) ] prerequisite, [but] a plaintiff need not show the precise number of members in the class." *Evans v. U.S. Pipe & Foundry Co.,* 696 F.2d 925, 930 (11th Cir.1983). In this case, the Plaintiffs have estimated, without resorting to mere speculation, that there may be 400 class members. They arrive at this number by starting with the number of individuals participating in the plan during the relevant period, and estimating the percentage of those individuals who incurred medical expenses during that time. The parties will not know the exact number of class members until the plan participants are notified. This uncertainty should not prevent the Court from finding that the numerosity prerequisite has been met because "where the numerosity question is a close one, a balance should be struck in favor of a finding of numerosity." *Id.* Moreover, other factors suggest that the prerequisites of Rule 23(a)(1) have been met. Most of the potential class members will have relatively small claims, making it difficult for them to bring individual suits. In addition, the claimants are scattered across several states. These factors make joining the claimants as individual plaintiffs impracticable. *"Impracticable* does not mean *impossible,"* as one commentator has noted. 1 Herbert B. Newberg, *Newberg on Class Actions* § 3.04, at 138 (2d ed. 1985). Thus, the first prerequisite, numerosity, is met.

The second requirement, known as commonality, also has been met. To resolve the claims of any class members, a court would need to decide which of the defendants, if any, are liable for claims to benefits of the ERISA plan. This common question fulfills the requirement of Rule 23(a)(2) because that Rule "does not require that all questions of law or fact raised in the litigation be common." 1 *Newberg* § 3.10, at 154.

The Plaintiffs' claims are typical of the claims of other members of the class. As explained in more detail below, the Plaintiffs have brought this action in part to remedy a breach of fiduciary duty, and any recovery on this claim belongs to the ERISA fund. These claims of the Plaintiffs' are identical to those of the other class members. The Plaintiffs also seek the benefits due to them under the plan. Although the amount of each class member's claim is different, calculating the amount will be ministerial in nature. Thus, the Plaintiffs' claims are typical of the claims of other class members.

The fourth requirement, adequacy of representation, also has been fulfilled. The Court is persuaded that the interests of the named plaintiffs do not conflict with those of the other class members. *See Sosna v. Iowa,* 419 U.S. 393, 403, 95 S.Ct. 553, 559, 42 L.Ed.2d 532 (1975). In addition, the plaintiffs and the plaintiffs' attorneys have pursued the litigation vigorously. *Id.* Thus, all of the Rule 23(a) prerequisites have been met.

## II. Rule 23(b)

To be maintained as a class action, a suit must meet not only the prerequisites of Rule 23(a), but also the additional requirements of one of the subdivisions of Rule 23(b). Rule 23(b)(1) classes are designed to avoid any prejudice to the defendant or absent class members that might result if individual actions were prosecuted instead of a class suit yielding a unitary adjudication. Classes under Rule 23(b)(2) are proper when injunctive relief is appropriate because the defendant has acted or refused to act on grounds generally applicable to the class. Finally, Rule 23(b)(3) permits class actions if common questions predominate over individual ones and a class action is superior to other available methods of adjudication.

Most suits that qualify as class actions under Rule 23(b)(1) or (b)(2) will also qualify under the more comprehensive Rule 23(b)(3). 1 *Newberg* § 4.01, at 270. Unlike members of subdivision (b)(1) or (b)(2) classes, members of Rule 23(b)(3) classes have an automatic right to opt out, that is, to exclude themselves from the binding effect of the judgment. Fed.R.Civ.P. 23(c)(2); *see Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 173, 94 S.Ct. 2140, 2150, 40 L.Ed.2d 732 (1974). Because of this additional burden on the parties, courts generally prefer to certify a class under Rule 23(b)(1) or (b)(2) if possible. As one commentator has noted:

If federal district courts had discretion to certify the Rule 23(b)(1) or (b)(2) type of situations under the more general provisions of Rule 23(b)(3), the intention of the drafters of Rule 23 to promote uniformity of decision in certain types of cases would be nullified. It follows that class actions that qualify for class certification under subdivision (b)(1) or (b)(2) should not normally be certified under subdivision (b)(3).

1 *Newberg* § 4.20, at 310. With this principle in mind, the Court has analyzed the facts of this case and concludes, as explained below, that the proposed class may be certified under Rule 23(b)(1)(B). In light of this decision, the Court need not determine whether certification under another subdivision of Rule 23(b) would be appropriate.

### A. General Requirements of Subdivision (b)(1)(B)

Rule 23(b)(1)(B) allows a class action to be maintained if the requirements of Rule 23(a) are met and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of ...

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

Fed.R.Civ.P. 23(b)(1)(B). The possibility that an action will have precedential or stare decisis effect on later cases will not satisfy this requirement. *In re Dennis Greenman Securities Litigation,* 829 F.2d 1539, 1546 (11th Cir.1987); *see Vaughter v. Eastern Air Lines, Inc.,* 817 F.2d 685, 690 (11th Cir.1987). The most common use of subsection (b)(1)(B) class actions is in limited fund cases. 1 *Newberg* § 4.09, at 288. Classic illustrations of this kind of class action include cases in which there are "claimants to trust assets, a bank account, insurance proceeds, company assets in a liquidation sale, proceeds of a ship sale in a maritime accident suit, and others." *Id.* Limited fund cases are not the only cases certified under this subsection. Courts may certify a class under this subsection in any situation "where the judgment in a nonclass action by or against an individual member of the class, while not technically

concluding the other members, might do so as a practical matter." Fed.R.Civ.P. 23 advisory committee's note. For example, a class may be certified under subsection (b)(1)(B) in "an action which charges a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a larger class of security holders or other beneficiaries, and which requires an accounting or like measures to restore the subject of the trust." *Id.*

### B. The Plaintiffs' Claims

To understand why class certification under subdivision (b)(1)(B) is appropriate, it is necessary to understand the nature of the Plaintiffs' claims. The Plaintiffs' complaint can be characterized both as a suit to recover benefits due to them under the terms of their ERISA plan, and as an action for relief for damages caused by a breach of fiduciary duties. It is clear that the Plaintiffs and other proposed class members have standing to bring an action, on their own behalf, to recover plan benefits. Participants and beneficiaries of ERISA plans may bring a civil action "to recover benefits due to [them] under the terms of [their] plan, to enforce [their] rights under the plan, or to clarify [their] rights under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B) (1988).

Under 29 U.S.C. § 1132(a)(2) (1988), one of the civil enforcement provisions of ERISA, participants or beneficiaries of an ERISA plan also have standing to sue for appropriate relief under 29 U.S.C. § 1109 (1988), which imposes liability for breaches of fiduciary duty. Unlike a suit to recover plan benefits, an action to enforce fiduciary duties is "brought in a representative capacity on behalf of the plan as a whole." *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 n. 9, 105 S.Ct. 3085, 3090 n. 9, 87 L.Ed.2d 96 (1985). Any relief granted by a court to remedy a breach of fiduciary duty "inures to the benefit of the plan as a whole" rather than to the individual plaintiffs. *Id.* at 140, 105 S.Ct. at 3089.

This distinction may appear to be a technical one in that the plaintiffs benefit, albeit indirectly, from any remedy granted to the plan. In this case, for example, although a remedy for breach of fiduciary duty will "inure[ ] to the benefit of the plan as a whole," the individual class members will also benefit because the plan will pay their medical claims. The distinction is important, however, because it suggests that only one suit should be brought to remedy a particular breach of fiduciary duty. The relief granted in the first suit would remedy any injury to the plan. Without an injury, plan participants and beneficiaries would have no standing to bring a subsequent suit. *See Association of Data Processing Serv. Org., Inc. v. Camp*, 397 U.S. 150, 152, 90 S.Ct. 827, 829, 25 L.Ed.2d 184 (1970) (plaintiff must demonstrate an actual or threatened injury to have Article III standing).

### C. Protection for Absent Beneficiaries and Participants

Because a plan participant or beneficiary may bring an action to remedy breaches of fiduciary duty only in a representative capacity, such an action affects all participants and beneficiaries, albeit indirectly. Courts hearing such cases, therefore, should afford some protection to these other participants and beneficiaries. *Mertens v. Kaiser Steel Retirement Plan*, 744 F.Supp. 917, 920 (N.D.Cal.1990). To decide what safeguards to employ, a district court in California recently looked to traditional trust law for guidance. *Id.* This Court agrees that trust law should guide this decision because, as the Supreme Court has recognized, Congress in essence codified traditionally strict fiduciary standards when it enacted ERISA. *N.L.R.B. v. Amax Coal Co.*, 453 U.S. 322, 332, 101 S.Ct. 2789, 2795, 69 L.Ed.2d 672 (1981) (explaining the fiduciary duties of ERISA trustees).

Analyzing trust law, the *Mertens* court determined that if a trust beneficiary brings a suit that affects other beneficiaries' interests, then all trust beneficiaries are necessary parties who must be joined. *Mertens*, 744 F.Supp. at 920–21 (citations omitted). Otherwise the absent beneficiaries' rights might be impaired by the judgment. In ERISA actions to reme-

dy fiduciary breaches, absent participants and beneficiaries have no direct right to recover. Nevertheless, they have "vital interests in those suits, since any equitable relief awarded to the plan would ultimately benefit them." *Id.* at 921. Like beneficiaries of an ordinary trust, beneficiaries and participants in an ERISA plan should be joined in these suits to avoid impairing these vital interests. If these individuals are not joined, then they will have no voice in deciding what relief is appropriate to remedy the breach of fiduciary duty. Unfortunately, ERISA plans usually have large numbers of plan participants and beneficiaries, making joinder of all participants and beneficiaries impracticable. *Id.* Under those circumstances, a class action is appropriate to protect the "vital interests" that participants and beneficiaries have in the suits. *Id.* Because an individual ERISA action to remedy breaches of fiduciary duty would "substantially impair or impede" the ability of absent beneficiaries and participants to protect their interests, courts should certify these actions pursuant to Rule 23(b)(1)(B). The Court will do so here.

Class members of actions certified under Rule 23(b)(1)(B), unlike those certified under Rule 23(b)(3), do not have an automatic right to opt-out of the class. Because individuals may bring class actions to remedy breaches of fiduciary duty only on behalf of the plan, rather than themselves, the court cannot allow absent participants or beneficiaries to opt out of this class. *Id.; see Diduck v. Kaszycki & Sons Contractors, Inc.*, 737 F.Supp. 792, 799 (S.D.N.Y. 1990) (notice and "opt-out" requirements inapplicable because any relief accrues only to ERISA fund). The right to recovery, after all, belongs to the plan. Although class members may not opt out of this class, the Court will require the parties to give all class members "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed.R.Civ.P. 23(b)(c)(2). The Court is convinced that the parties will be able to fashion a procedure for notice that meets this requirement.

## CONCLUSION

After careful analysis, the Court concludes that the parties' motion to certify a plaintiff class should be GRANTED. All of the prerequisites of Rule 23(a) have been met, and this case qualifies as a 23(b)(1)(B) class action. The Plaintiffs are seeking to recover for an alleged breach of fiduciary duty. Any recovery on this claim, like the recovery on a common law action for accounting, will inure to the benefit of the fund rather than the individual class members, although the relief eventually will flow to the claimants. Adjudication of this matter in an individual action would impair the ability of the other beneficiaries and participants to protect their vital interests in this action. For this reason, the Court certifies the class under Rule 23(b)(1)(B).

As indicated above, this certification is a conditional one. If the contemplated settlement is not consummated, then the Court will reconsider the class certification issue.

SO ORDERED.