DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal of the November 14, 2001 judgment of the Lucas County Court of Common Pleas which granted appellees Eric Williams, Vonda Williams and the Toledo Fair Housing Center's motion for class certification. For the reasons that follow, we affirm the decision of the trial court.
{¶ 2} On June 24, 1999, appellees Eric and Vonda Williams commenced the instant action alleging that Countrywide Home Loans, Inc., Mary Fackler, and Susan Wirick (hereinafter collectively referred to as "Countrywide" or "appellants") discriminated against them by refusing to consider Mrs. Williams' income for a residential mortgage loan because the Williamses believed that she would be on maternity leave at the time the loan closed. Appellees contended that Countrywide's refusal to consider Mrs. Williams' income because she was on maternity leave constituted sex and familial status discrimination in violation of R.C.4112.02(H)(1),(3),(5),(6),(7), and (8). Appellees requested declaratory relief, compensatory and punitive damages and attorney fees.
{¶ 3} On November 22, 1999, appellees filed a motion to amend their complaint to add Toledo Fair Housing Center as a plaintiff and to add class allegations. The motion was granted on March 22, 2000, and the amended complaint was filed March 31, 2000.
{¶ 4} Appellees moved for class certification on September 1, 2000. In their motion, appellees sought certification of an Ohio class of all women (and their co-applicants) who were or were expected to be on maternity leave at the time of their Countrywide loan closing. Appellants opposed certification arguing that appellees had failed to establish the numerosity requirement of Civ.R. 23(a)(1) and that appellees further failed to demonstrate that individual issues predominated over common issues as required under Civ.R. 23(b)(3).
{¶ 5} On November 14, 2001, the trial court filed its opinion and judgment entry which granted class certification. The court conditionally certified the following class:
 {¶ 6} "All persons who, at any time between June 1, 1997 and the date of trial, contacted Countrywide Home Loans, Inc., for a residential mortgage loan and who were, or expected to be (or whose co-applicant was, or expected to be), on maternity leave at the time of loan closing. `Contacted' is defined as requesting information, seeking pre-qualification, seeking pre-approval or applying for a residential mortgage loan."
{¶ 7} Appellants appeal this judgment and raise the following five assignments of error:
 {¶ 8} "1. The trial court abused its discretion by holding that plaintiffs satisfied their burden of proving that the proposed class `is so numerous that joinder of all members is impracticable,' as required by Ohio R.Civ.P. 23(a)(1). (Opinion at 5-6).
 {¶ 9} "2. The trial court abused its discretion by holding that plaintiffs satisfied their burden of proving that `questions of law or fact common to the members of the class predominate over any questions affecting only individual members,' as required by Ohio R.Civ.P. 23(b)(3). (Opinion at 8-9).
 {¶ 10} "3. The trial court abused its discretion by holding that plaintiffs satisfied their burden of proving that `a class action is superior to other available methods for the fair and efficient adjudication of the controversy,' as required by Ohio R.Civ.P. 23(b)(3). (Opinion at 8-9).
 {¶ 11} "4. The trial court abused its discretion by holding that plaintiffs satisfied their burden of proving that a class action could be maintained pursuant to Ohio R. Civ. P. 23(b)(2). (Opinion at 8).
 {¶ 12} "5. The trial court abused its discretion by holding that plaintiffs satisfied their burden of proposing an identifiable and unambiguous class definition. (Opinion at 5)."
{¶ 13} A trial court has broad discretion in determining whether to certify a class pursuant to Civ.R. 23. Baughman v. State Farm Mut.Auto. Ins. Co. (2000), 88 Ohio St.3d 480, 483. Accordingly, we will not reverse such a decision unless the court abused its discretion. Id. An abuse of discretion connotes a judgment that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
{¶ 14} The Supreme Court of Ohio had held that prior to certifying a class action, a trial court must make seven affirmative findings, five of which are explicitly required by Civ.R. 23 and two which are implicitly required. Warner v. Waste Management, Inc. (1988),36 Ohio St.3d 91, paragraph one of the syllabus. As to the specific requirements, a trial court must make findings that the four prerequisites in Civ.R. 23(A) are met and that a prerequisite under Civ.R. 23(B) is met. Civ.R. 23(A) and (B) provide:
{¶ 15} "(A) Prerequisites to a class action.
 {¶ 16} "One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
 {¶ 17} "(B) Class actions maintainable. An action may be maintained as a class action if the prerequisites of subdivision (A) are satisfied, and in addition:
 {¶ 18} "(1) the prosecution of separate actions by or against individual members of the class would create a risk of
 {¶ 19} "(a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; or
 {¶ 20} "(b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
 {¶ 21} "(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
 {¶ 22} "(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (d) the difficulties likely to be encountered in the management of a class action."
{¶ 23} In addition to the above-quoted requirements, two implicit requirements must be met: that an identifiable class exists and that the class representative is a member of the class. Warner,36 Ohio St.3d at 96.
{¶ 24} In determining whether to certify a class, the trial court must not consider the merits of the case except as necessary to determine whether the Civ.R. 23 requirements have been met. Ojalvo v. Bd. ofTrustees of Ohio State Univ. (1884), 12 Ohio St.3d 230, 233. Further, the party seeking class certification has the burden of showing that class certification is appropriate. State ex rel. Ogan v. Teater (1978),54 Ohio St.2d 235, 247. It must appear to the court by a preponderance of the evidence that the Civ.R. 23 requirements have been met. Warner,36 Ohio St.3d at 94.
{¶ 25} Appellants' first assignment of error disputes the trial court's finding of numerosity under Civ.R. 23(A)(1). As to the numerosity requirement, Civ.R. 23(A)(1) requires that the class be "so numerous that joinder of all class members is impracticable." Ohio courts have not specified numerical limits for a class action explaining that the determination must be made on a case-by-case basis. Warner,36 Ohio St.3d at 97. The Warner court did note that authority exits indicating that if a class has more than forty people, numerosity is satisfied; if the class is less than twenty-five, numerosity is probably lacking. Id. citing Miller, An Overview of Federal Class Actions: Past, Present and Future (2 Ed. 1977), at 22.
{¶ 26} Although plaintiffs need not identify the exact number of class members, plaintiffs ordinarily "must show some evidence or reasonable estimate of the number of class members." Long v. ThorntonTwp. High Sch. Dist. (N.D.Ill. 1979), 82 F.R.D. 186, 189. Plaintiffs' assertions regarding numerosity may not rest on bare allegations or speculation. Demarco v. Edens (C.A.2, 1968), 390 F.2d 836, 845. A trial court is permitted to make common sense assumptions in order to find support for numerosity. Evans v. U.S. Pipe Foundry Co. (C.A.11, 1983), 696 F.2d 925, 930.
{¶ 27} Appellants' first assignment of error argues that the trial court erroneously found that appellees satisfied the numerosity requirement of Civ.R. 23(A)(1). Appellants specifically contend that appellees failed to show that any other class members exist and that the estimate given by their expert bears no relation to the actual claim at issue.
{¶ 28} Appellees' expert, Calvin Bradford, estimated the potential size of the class to be 620 for 1998, or over 2,000 until the date of trial. According to his affidavit, Bradford arrived at this number by taking data from the Home Mortgage Disclosure Act which requires that covered lenders report certain information regarding loan applications including the gender of the applicant or co-applicant. Bradford also used the birth rate for females aged 16 to 64 and their employment status taken from the 1990 Ohio census.
{¶ 29} Using the 1998 Home Mortgage Disclosure Act Data, Bradford deduced that in Ohio Countrywide received 25,460 applications for either a home purchase or refinance where either the applicant or co-applicant was female. Using this information in conjunction with the 1990 census data, Bradford calculated that the number of employed applicants estimated to be pregnant within the year 1998 was 620. Thus, between June 1, 1997 and the date of trial in excess of 2,480 persons would be members of appellees' proposed class.
{¶ 30} Anthony Yezer, appellants' expert, arrived at a different conclusion as explained in his affidavit. First, Yezer limited his analysis to the numbers of applicants to the Toledo branch of Countrywide, not all Ohio branches. Yezer also subtracted the loans not originated by Countrywide and purchased from other lenders. Yezer then examined literature regarding maternity leave and concluded that approximately 19 percent of women do not take leave for more than two weeks and, thus, 81 percent may take leave resulting in an interruption in pay. Finally, Yezer examined the probability that Countrywide knew that an applicant was pregnant and whether the loan could have been denied for reasons unrelated to the applicant's income. Applying all these factors, Yezer concluded the probability of 1.4 applicants in the class.
{¶ 31} In its November 14, 2001 judgment, as to the numerosity requirement, the trial court concluded that "even if only a portion of the persons proposed by plaintiffs were class members, that number of people would still make a class action the most favorable method of trying this dispute." Thus, the court found that the numerosity requirement had been met.
{¶ 32} Upon review of the cases cited by the parties as well as our independent review, we note that we could find no such case where, other than the class representatives, the class was certified with no other named class members. We do find it significant, however, that this is a discrimination case. Parties seeking class certification in discrimination cases are more likely to encounter potential members who are unaware that their rights have been violated. See Currey v. Shell OilCo. (1996), 112 Ohio App.3d 312, 318. Further, in such cases, "a fairly sophisticated knowledge of the law may be necessary to determine whether legal rights have been violated." Id., quoting In re Three Mile IslandLitigation (M.D.Pa. 1982), 95 F.R.D. 164, 167. Thus, in light of the potential difficulties in identifying class members in discrimination cases, the use of expert testimony to provide a "reasonable estimate" of said members may be appropriate.
{¶ 33} Upon review of the arguments of the parties, the relevant case law, and the expert testimony, we cannot say that the trial court abused its discretion when it found that the numerosity requirement had been met. As evidenced by the Williams' Countrywide file, there are records which exist which would enable appellees to identify additional class members. We further note that the trial court conditionally certified the class and, if upon the completion of discovery an insignificant number of additional class members are revealed, the class may be decertified. Appellants' first assignment of error is not well-taken.
{¶ 34} Appellants' second and third assignments of error dispute the trial court's determination that the "predominance" and "superiority" prerequisites under Civ.R. 23(B)(3) were met. Civ.R. 23(B)(3) provides that a class may be certified if the court finds: (1)common questions of law or fact predominate over questions affecting only individual members, and (2) a class action is superior to other methods of adjudication.
{¶ 35} A predominance inquiry is far more demanding than the Civ.R. 23(A) commonality requirement and focuses on the legal or factual questions that qualify each class member's case as a genuine controversy. Jackson v. Motel 6 Multipurpose, Inc. (C.A.11, 1997),130 F.3d 999, 1005. "`[T]he issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof.'" Id., quoting Kerr v. City of West Palm Beach (C.A.11, 1989),875 F.2d 1546, 1557-58. With regard to the superiority requirement, the trial court must evaluate all methods of adjudication to determine whether a class action is superior. In doing so, the trial court should consider the four factors set forth in Civ.R. 23(B)(3). See, supra.
{¶ 36} Upon review of the arguments of the parties and the relevant case law, we agree with the trial court that common fact or law questions predominate of individual questions. While the extent of damages is individual to each plaintiff, the overriding question is whether appellants unlawfully discriminated against pregnant applicants. See Walker v. Firelands Community Hosp. (Oct. 5, 2001), 6th Dist. No. E-01-006. Further, we note that a single trial would eliminate the risk of inconsistent results and that there is no evidence of a particular need for any class members to control the litigation. See Civ.R. 23(B)(3)(a)-(d). Accordingly, appellants' second and third assignments of error are not well-taken.
{¶ 37} Appellants, in their fourth assignment of error, dispute the trial court's certification of the class under Civ.R. 23(B)(2). Appellants argue that injunctive relief is not necessary in this case and, in any event, certification was inappropriate because injunctive relief was neither the exclusive nor predominant remedy requested.
{¶ 38} The Supreme Court of Ohio has held that where the primary relief sought is damages, injunctive relief under Civ.R. 23(B)(2) is inappropriate. Marks v. C.P. Chemical Co. (1987), 31 Ohio St.3d 200,203. However, the fact that monetary damages are sought in addition to injunctive relief does not defeat certification under Civ.R. 23(B)(2).Hamilton v. Ohio Sav. Bank (1998), 82 Ohio St.3d 67, 87. The Hamilton
court further explained:
 {¶ 39} "`Disputes over whether the action is primarily for injunctive or declaratory relief rather than a monetary award neither promote the disposition of the case on the merits nor represent a useful expenditure of energy. Therefore, they should be avoided. If the Rule 23(a) prerequisites have been met and injunctive or declaratory relief has been requested, the action usually should be allowed to proceed under subdivision (b)(2).'" Id., quoting Wright, Arthur R. Miller Mary Kay Kane, Federal Practice and Procedure (2 Ed. 1986) 470, Section 1775.
{¶ 40} In the present case appellees, in their complaint, requested declaratory and injunctive relief as well as compensatory damages. Upon review of the record we believe that the appellees' primary objective in this case is to terminate appellants' alleged discriminatory practice. Accordingly, we cannot say that the trial court abused its discretion in certifying the class under Civ.R. 23(B)(2). Appellants' fourth assignment of error is not well-taken.
{¶ 41} Appellants' fifth and final assignment of error challenges the trial court's finding that appellees satisfied their burden of proposing an identifiable and unambiguous class. A proposed class must be defined in such a way that the class members can be identified with "reasonable effort." Warner v. Waste Management, Inc.,36 Ohio St.3d at 96. The Warner court gave examples of classes to amorphous to satisfy this requirement: "all people active in the peace movement," "all poor people," and "all people who have been or may be harassed by the police." Id.
{¶ 42} The class certified in the present case provides a specific time frame, specific activity, and a specific group of class members. Accordingly, we find that the trial court did not abuse its discretion in finding that the class is identifiable. Appellants' fifth assignment of error is not well-taken.
{¶ 43} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellants.
{¶ 44} A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, J., Mark L. Pietrykowski, P.J., Concur. James R.Sherck, J., Concurs in judgment only.